**Albertino Julian BARRIOS–JIMENEZ, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

**No. 06–71989.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 \*\*.

Filed Oct. 1, 2007.

Albertino Julian Barrios–Jimenez, Los Angeles, CA, pro se.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

Albertino Julian Barrios–Jimenez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

The record does not compel the conclusion that Barrios–Jimenez has shown either changed or extraordinary circumstances to excuse the untimely filing of his asylum application. *See Ramadan v. Gonzales,* 479 F.3d 646, 657–58 (9th Cir.2007) (per curiam); *see also* 8 C.F.R. § 1208.4(a)(4), (5). Accordingly, we deny the petition for review as to Barrios–Jimenez's asylum claim.

Substantial evidence also supports the BIA's denial of the withholding of removal claim because Barrios–Jimenez failed to show that it is more likely than not that he will be persecuted in Guatemala on account of a protected ground. *See Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002).

Finally, substantial evidence supports the BIA's conclusion that Barrios–Jimenez failed to establish that it is more likely than not that he would be tortured in Guatemala. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**